# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| **STEPHANIE C. STALEY**, individually and on behalf of all others similarly situated, Plaintiff | Case No. 3:04-1127 |
| vs | Hon. Aleta Trauger |
| **WILSON COUNTY, TERRY ASHE, JAMES SMITH, KIM ROBERTS, STEVE EVERETT, JAMES CHRISTENSEN, EDMOND JONES, CITY OF MT. JULIET, BONNIE HARRIS, KEVIN MACK,** Defendants | JURY DEMAND |

## ORDER PRELIMINARILY APPROVING
## CLASS WIDE SETTLEMENT AGREEMENT AND NOTICE TO CLASS

    This case is a class action brought by Plaintiff Stephanie Staley individually and as class representative against Wilson County. The plaintiff alleged that Wilson County judicial commissioners arbitrarily set bail in violation of the Eighth Amendment to the U.S. Constitution and 42 U.S.C. 1983.

    The Plaintiff and Wilson County participated in mediated settlement negotiations. The negotiations were conducted with the assistance of David Raybin. Esq., a third-party neutral with substantial experience in criminal practice and Magistrate Judge John Bryant. The parties have arrived at an agreement on the monetary and non-monetary terms of a settlement and have prepared a proposed "Class Wide Settlement Agreement" in settlement of this action, subject to the Court's final approval. On February 6, 2007, the parties filed their proposed Class Wide Settlement Agreement with the Court, along with a proposed Order, a proposed notice to the class and a copy of the preliminary minutes from the Wilson County Commission meeting approving the terms of the settlement. By entering into the proposed agreement, Wilson County

1

continues to deny all allegations in the Amended Complaint and Wilson County does not admit or concede that it has, in any manner, violated the rights of the plaintiff or of any member of the class.

Based on the parties' joint motion requesting preliminary approval of the proposed settlement agreement, the statements of counsel for the parties, and the entire record before the Court, the Court finds that the parties have agreed to a settlement of this class action, subject to its approval by the Court. It appears to the Court that the proposed Class Wide Settlement Agreement is the result of comprehensive arms' length negotiations between the parties, moderated by two experienced mediators. After reviewing the terms of the proposed agreement, in the context of the record in this action and the controlling legal authority, the Court finds that the proposed Class Wide Settlement Agreement is sufficiently reasonable, adequate and fair, and consistent with relevant state and federal law, to warrant notice thereof to members of the Class and a full hearing on the fairness of the settlement.

IT IS THEREFORE ORDERED THAT:

1. The Class Wide Settlement Agreement submitted as D.E. 65 and the settlement it embodies is hereby PRELIMINARILY APPROVED. Final approval and entry of the Class Wide Settlement Agreement is subject to a hearing regarding the fairness of the proposed agreement, including consideration of any objections by Class Members to the proposed settlement embodied in the agreement.

2. The class of individuals is as defined in the court's memorandum granting class certification. (D.E. 39)

3. Should this Court or any reviewing court on direct appeal and/or on writ of certiorari to the Supreme Court of the United States from a direct appeal to the U.S. Court of Appeals for the Sixth Circuit refuse to approve this Class Wide Settlement Agreement or require modifications to it other than those expressly permitted pursuant to the language of the agreement, the Class Wide Settlement Agreement shall be null and void, inadmissible and unusable in any future proceeding, and shall not be considered binding unless the parties each expressly and voluntarily approve in writing any such modification.

4. Notice Procedures:

a. Within twenty (20) days following the entry of this Order, Defendant shall arrange to have the "Notice of Proposed Class Action Settlement and Fairness Hearing" attached to the parties' joint motion for preliminary approval published in the Lebanon Democrat for two consecutive weeks at Defendant's expense.

b. No later than forty (40) days following the date of this Order, Defendant shall file with the Court a report concerning the extent and completion of the notice procedure.

c. The manner and form of notice described above is hereby found to constitute the most effective and practicable notice, under the circumstances, to all settlement class members concerning the pendency of this action, the proposed settlement, and the fairness hearing, and to constitute due and sufficient notice to all persons entitled to receive notice required by due process and Rule 23 of the Federal Rules of Civil Procedure, and is hereby APPROVED by this Court.

d. All costs of the notice process shall be paid by Defendant or submitted for reimbursement if paid by the plaintiff through her motion to approve attorney fees and costs.

5. A hearing concerning the fairness of the class wide settlement as embodied in the Class Wide Settlement Agreement shall be held on __June 18__, 2007, at __11:00__ a.m. at the United States District Courthouse, 801 Broadway, Nashville, at which time the Court shall hear any properly filed objections to the class wide settlement and decide whether the Class Wide Settlement Agreement should be approved and entered by the Court.

6. Any member of the Class may object to the proposed Class Wide Settlement Agreement by filing an objection and, if he or she so desires, appearing at the Fairness Hearing to be considered by the Court. However, any objections to the final approval of the agreement must be filed in writing with the Court on or before sixty (60) days following the entry of this Order. All such objections must clearly state the basis for the objection and must be timely filed in writing, along with all other paper or briefs the Class Member wishes the Court to consider, with the Office of Clerk of the United States District Court, Middle

3

District of Tennessee, 801 Broadway, Nashville, TN 37203, with a true and correct copy thereof served upon Class Counsel and counsel for Wilson County. If any attorney will be representing an individual objecting to the agreement, the attorney shall file a notice of appearance with the Court and serve counsel for all parties with a copy thereof. Any member of the Class who does not timely file and save such a written objection shall not be permitted to raise such objection, except for good cause shown, and said member of the Class who fails to object in the time prescribed herein shall be deemed to have waived and shall be foreclosed from raising any such objection.

7. The parties may depose any objector on a date mutually agreed on prior to the Fairness Hearing. The parties shall serve on each other and file with the Court on or before three (3) calendar days prior to the Fairness Hearing any other documents in support of the proposed Class Wide Settlement Agreement including any documents filed by Class Members.

It is so ORDERED.

_____
Aleta Trauger
U.S. District Court Judge

Approved for entry:

| /s/ Jerry Gonzalez | /s/ W. Carl Spining |
|---|---|
| Jerry Gonzalez (18379) | W. Carl Spining, Esq. |
| Attorney for Plaintiff and Class Counsel | Attorney for Defendant Wilson County |
| 102 Hartmann Dr. | 200 Fourth Avenue North, Suite 300 |
| Suite G-157 | P.O. Box 198985 |
| Lebanon TN 37087 | Nashville, TN 37219-8985 |
| 615-360-6060 | (615) 780-7476 |