UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

STEPHANIE C. STALEY, individually }
and on behalf of all others similarly situated, }
    Plaintiff }
}
v. }   Case No. 3:04-1127
}   Hon. Aleta Trauger
}
WILSON COUNTY, TERRY ASHE, }
JAMES SMITH, KIM ROBERTS, STEVE }
EVERETT, JAMES CHRISTENSEN, }   JURY DEMAND
EDMOND JONES, CITY OF MT. JULIET, }
BONNIE HARRIS, KEVIN MACK, }
    Defendants }
}

## DEFENDANT'S REPORT ON PUBLICATION OF NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND FAIRNESS HEARING

By Order entered by this Court on February 9, 2007, the Defendant was required to arrange to have the "Notice of Proposed Class Action Settlement and Fairness Hearing" which was attached to the parties joint Motion for Preliminary Approval published in the Lebanon Democrat for two consecutive weeks at Defendant's expense.

This publication was accomplished at Defendant's expense by publication in the Lebanon Democrat on Wednesday, February 28, 2007 and on Wednesday, March 7, 2007. A copy of the "Proof of Publication" is attached to this report.

The Court's Order of February 9, 2007, further required the Defendant to file with the Court a report concerning the extent and completion of the notice procedure and to file this report within forty (40) days following the date of this Order. This document is being filed as proof of compliance with the Court's February 9, 2007 Order.

Respectfully submitted,

/s/ Michael R. Jennings
Michael R. Jennings, #6628
Attorney for Defendant Wilson County
326 North Cumberland Street
Lebanon, Tennessee 37087
(615) 444-0585

## CERTIFICATE OF SERVICE

I, Michael R. Jennings, Attorney for Defendant Wilson County, do hereby certify that I have this day delivered by electronic mail a true and exact copy of the foregoing "Defendant's Report on Publication of Notice of Proposed Class Action Settlement and Fairness Hearing" to Mr. Jerry Gonzalez, Attorney for Plaintiff and Class Counsel, 102 Hartmann Drive, Suite G-157, Lebanon, Tennessee 37087 and to Mr. W. Carl Spining, Attorney for Defendant Wilson County, 200 Fourth Avenue North, Suite 300, P.O. Box 198985, Nashville, Tennessee 37219-8985.

This the 20th day of March, 2007.

/s/ Michael R. Jennings
Michael R. Jennings

| Cost of Publication | THE LEBANON DEMOCRAT |
|---|---|
| $ 515.00 | PUBLICATION CERTIFICATE |
| Proof of Publication | |

This is to certify that the legal notice hereto attached was published in The Lebanon Democrat, a daily newspaper published in the City of Lebanon, County of Wilson, State of Tennessee on the following dates:

Signed: Melanie Ray

Feb. 28, 2007
Mar. 7, 2007

Subscribed and sworn to before me on this 7 day of Mar.

_Tammy Williams_
Notary Public

My Commission expires 2-8-11

[SEAL: TAMMY WILLIAMS, STATE OF TENNESSEE, NOTARY PUBLIC, WILSON COUNTY]

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

Stephanie C. Staley, individually and on behalf of all others similarly situated,
Plaintiff

vs.                                   Case No. 3:04-1127
                                      Hon. Aleta Trauger
WILSON COUNTY, TERRY SHE, JAMES SMITH, KIM ROBERTS, STEVE EVERETT, JAMES CHRISTENSEN, EDMOND JONES, CITY OF MT. JULIET, BONNIE HARRIS, KEVIN MACK,
Defendants                            JURY DEMAND

**TO ALL MEMBERS OF THE FOLLOWING CLASS**

All individuals who have had or will have bail set by a Wilson County Judicial Commissioner.

**PLEASE READ THIS NOTICE CAREFULLY**
**A FEDERAL COURT AUTHORIZED THIS NOTICE**

A Settlement has been proposed in a class action lawsuit brought by Plaintiff on behalf of all individuals who had or will have their bail set by a Wilson County Judicial Commissioner. The Settlement provides for training and prohibits Wilson County from using any preset formula for the setting of bail. The settlement also provides for $35,000 in attorney fees. The United States District Court for the Middle District of Tennessee authorized this Notice. The court will have a hearing to decide whether to approve the Settlement.

**WHO IS INCLUDED IN THE CLASS?**

All individuals who had their bail set by a Wilson County Judicial Commissioner; if you fall within this category, any claims you may have concerning the Constitutionality of how your bail was set (not the actual dollar amount of the bail) will fall within this settlement and your claim will be barred. The class also consists of all future individuals who will have their bail set by a Wilson County Judicial Commissioner in the future. If you find yourself in this category after the date on which the Court approves this settlement and you believe that your bail was set in violation of the terms of this settlement, you, as a member of the class, would have the right to petition the court for the willful violation of the settlement agreement by Wilson County up to the termination date of the agreement (three years from final approval). After the termination date, you would have the right to bring a new lawsuit on your own.

**WHAT IS THIS ABOUT?**

The lawsuit claimed that Wilson County set bail based on an arbitrary formula that was not based on an individual's particular likelihood to flee or be a danger to the community if released. According to the Motion for Class Certification filed by the plaintiff, Wilson County used a preset bail schedule based on the offense charged or other criteria that was not based on the individual. It was also alleged that Wilson County had minimum bail amounts, on some occasions would refuse to set bail, would increase bail based on a request by a police officer, and that the judicial commissioners were poorly trained. Defendant Wilson County denied all of these allegations and the Class Wide Settlement Agreement continues to deny these claims.

**WHAT DOES THE SETTLEMENT PROVIDE?**

The Class wide Settlement Agreement provides for a comprehensive overhaul of the system of setting bail by Wilson County Judicial Commissioners. A copy of the settlement agreement can be seen in its entirety, as proposed to the Court, at www.jghrd.net/Bailclass, along with all other relevant documents. It provides for training of judicial commissioners, a system of tracking the bail set for each individual presented to a judicial commissioner for the setting of bail, and provides for a procedure to follow in the event Wilson County violates the terms of the agreement. It also provides for class counsel to receive attorney fees.

**AS A CLASS MEMBER, WHAT BENEFIT WILL I GET FROM THE AGREEMENT?**

As a class member who previously had bail set by a judicial commissioner, you will benefit in that your potential claim of having your bail set in an unconstitutional manner will be resolved at no cost to you. As a class member who may, in the future, be presented to a judicial commissioner for the setting of bail, you will

**WHAT IS THIS ABOUT?**

The lawsuit claimed that Wilson County set bail based on an arbitrary formula that was not based on an individual's particular likelihood to flee or be a danger to the community if released. According to the Motion for Class Certification filed by the plaintiff, Wilson County used a present bail schedule based on the offense charged or other criteria that was not based on the individual. It was also alleged that Wilson County had minimum bail amounts, on some occasions would refuse to set bail, would increase bail based on a request by a police officer, and that the judicial commissioners were poorly trained. Defendant Wilson County denied all of these allegations and the Class Wide Settlement Agreement continues to deny these claims.

**WHAT DOES THE SETTLEMENT PROVIDE?**

The Class Wide Settlement Agreement provides for a comprehensive overhaul of the system of setting bail by Wilson County Judicial Commissioners. A copy of the settlement agreement can be seen in its entirety, as proposed to the Court, at www.jglaw.net/Bailclass, along with all other relevant documents. It provides for training of judicial commissioners, a system of tracking the bail set for each individual presented to a judicial commissioner for the setting of bail, and provides for a procedure to follow in the event Wilson County violates the terms of the agreement. It also provides for class counsel to receive attorney fees.

**AS A CLASS MEMBER, WHAT BENEFIT WILL I GET FROM THE AGREEMENT?**

As a class member who previously had bail set by a judicial commissioner, you will benefit in that your potential claim of having your bail set in an unconstitutional manner will be resolved at no cost to you. As a class member who may, in the future, be presented to a judicial commissioner for the setting of bail, you will benefit by having in place a court approved agreement that binds Wilson County to complying with the terms of the settlement agreement and the provisions that ensure that bail will be set in a fair and reasonable basis and on an individualized analysis of your likelihood to flee or be a danger to the community if released, all as required by the U.S. Constitution, the Tennessee Constitution and Tennessee law.

**CAN I OPT-OUT OF THE SETTLEMENT?**

No. In some class actions, class members have the opportunity to exclude themselves from the Class. This is sometimes referred to as "opting out" of the Class or Settlement. However, in this class action, opting out is not available and all class members will be bound by the settlement if it is approved by the court. The court will hold a hearing in Courtroom Room 873, 801 Broadway, Nashville, Tennessee, at 11:00 a.m. on June 18, 2007 to determine whether, as recommended by Class Counsel, the class representative, and Defendants, it should approve the proposed settlement. You may object to the settlement and any objections to the proposed settlement by class members will be considered by the Court, but only if such objections are filed in writing with the clerk by mail postmarked before April 10, 2007 or mailed to Class Counsel at

Jerry Gonzalez
Jerry Gonzalez, P.C.
102 Hartmann Dr.
Suite G-257
Lebanon, TN 37087

Attendance at the hearing is not necessary; however, class members wishing to be heard orally in opposition to the proposed settlement should indicate in their written objection their intention to appear at the hearing.

Class members who support the proposed settlement do not need to appear at the hearing or take any other action to indicate their approval. Written notification can also be provided to the Court at the following address:

Clerk of the Court
United States District Court for the Middle District of Tennessee,
801 Broadway Street
Nashville, Tennessee, 37203
Re: Staley v Wilson County, Case No. 3:04-1127

DO NOT call the Court Clerk if you have questions. Instead, you may contact class counsel, Jerry Gonzalez, at 615-360-6060 or get more information at www.jglaw.net/Bailclass.

**REMINDER AS TO TIME LIMITS**

If you wish to object to the proposed settlement, file your written objection with the clerk of the court or with class counsel by mail postmarked on or before Tues. April 10, 2007. Include any request to be heard orally at the hearing.

50-W-56