UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **STEPHANIE C. STALEY**, individually and on behalf of all others similarly situated,<br>　　Plaintiff<br><br>vs<br><br>**WILSON COUNTY, TERRY ASHE, JAMES SMITH, KIM ROBERTS, STEVE EVERETT, JAMES CHRISTENSEN, EDMOND JONES, CITY OF MT. JULIET, BONNIE HARRIS, KEVIN MACK,**<br>　　Defendants | Case No. 3:04-1127<br><br>Hon. Aleta Trauger<br><br><br>JURY DEMAND |

## FINAL ORDER OF CLASS ACTION SETTLEMENT

On the 18th day of June, 2007, a hearing was held before this Court to determine: (1) whether the terms and conditions of the Class Wide Settlement Agreement (D.E. 65) (the "Agreement") are fair, reasonable, and adequate for the settlement of all claims asserted by the Class against Defendant Wilson County in the complaint now pending in this Court under the above caption, including the release of the defendant, and should be approved; (2) whether judgment should be entered dismissing the complaint on the merits and with prejudice against all persons or entities who are members of the Class as defined in the Class Wide Settlement Agreement, as previously preliminarily approved by this Court (D.E. 66), and who have not timely objected therefrom; and (3) whether the amount of attorney fees and reimbursement of expenses to Class Counsel is reasonable.

1

The Court having heard all persons properly appearing and requesting to be heard; [1] having considered all other matters properly submitted to it at the hearing and otherwise; and it appearing that notice of the hearing substantially in the form approved by the Court was published twice in The Lebanon Democrat (D.E. 67), and the Court having considered and determined the fairness and reasonableness of the award of attorney fees and expenses requested; the Court finds that this Final Order of Class Action Settlement should be entered.

It is therefore ORDERED that:

1. This case satisfies, for the purposes of the Class Wide Settlement Agreement, the applicable prerequisites for class action treatment under Rules 23(a) and (b)(2) of the Federal Rules of Civil Procedure.
2. Notice of the pendency of this action as a class action and of the proposed Class Wide Settlement Agreement was posted twice in a local newspaper of general circulation in Wilson County and all applicable documents were posted on Class Counsel's website. The form and method of notifying the Class of the pendency of the action as a class action and of the Class Wide Settlement Agreement and its terms and conditions met the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.
3. The terms of the Class Wide Settlement Agreement embodied therein are approved as fair, reasonable, and adequate, and in the best interests of the Class. The parties are directed to consummate the Agreement in accordance with its terms and provisions. The terms of the Class Wide Settlement Agreement are hereby incorporated into the terms of this Order.
4. The Class Representative, the Class, all Class Members, and the successors and assigns of any of them, are hereby permanently barred and enjoined from instituting, commencing,

---

[1] Two objections to the Class Wide Settlement Agreement were filed on April 9, 2007. (D.E. 67, 68). However, the objectors failed to provide a basis for their objection even after ordered to do so. (D.E. 71). Their objections were accordingly overruled. (D.E. 74). No other objections were filed.

2

or prosecuting, either directly or in any other capacity, any settled claims against Defendant Wilson County. The settled claims are hereby compromised, settled, released, discharged, and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Final Order of Class Action Settlement.

5. Defendant Wilson County shall be deemed to have, and by operation of this Final Order of Class Action Settlement are fully, finally, and forever released, relinquished, and discharged by the plaintiff, the Class Members, and the Class Representative from all claims, whether or not known or suspected, arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of this action and/or the settled claims.

6. Neither the Class Wide Settlement Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

   a. Construed as, or deemed in any judicial, administrative, arbitration, mediation, or other type of proceeding to be evidence of, a presumption, concession, or an admission by the Released Party of the truth of any fact alleged or the validity of any claim that has been, could have been or in the future might be asserted in the action, or otherwise against the defendant, or of any purported liability, fault, wrongdoing or otherwise of the defendant; or

   b. Offered or received in evidence in any judicial, administrative, arbitration, mediation, or other type of proceeding for any purpose whatsoever, including, but not limited to, as a presumption, concession or an admission of any purported liability, wrongdoing, fault, negligence, misrepresentation, or omission in any statement, document, report, or financial statement heretofore or hereafter issued, filed, approved, or made by the defendant or otherwise referred to for any other reason, other than for the purpose of, and in such proceeding as may be necessary for, construing, terminating or enforcing the Agreement. Defendant may rely upon and introduce the Class Wide Settlement Agreement and related filings for the purposes of establishing *res judicata*, claim or issue preclusion, accord and

satisfaction and/or otherwise establishing that a party or Class Member has waived and relinquished certain claims; or

    c. Construed as a concession or an admission that the Class Representative or the Class Members have suffered any damage; or

    d. Construed as or received in evidence as an admission, concession, or presumption against the Class Representative or the Class or any of them that any of their claims are without merit or that damages recoverable in the action would not have exceeded the settlement amount.

7. Also pending is Class Counsel's motion for attorney fees. (D.E. 77). Class Counsel is hereby awarded $35,000 as attorney fees, which sum the Court finds to be fair and reasonable and to which the defendant has agreed. Also, Class Counsel is awarded reimbursement of expenses in the amount of $2906.25 which sum the Court also finds to be fair and reasonable.

8. The Court hereby retains exclusive jurisdiction over the parties and the Class Members for all matters relating to this litigation, including the administration, interpretation, effectuation, or enforcement of the Class Wide Settlement Agreement and this Final Order of Class Action Settlement.

9. Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Class Wide Settlement Agreement.

10. This order shall be considered a "final decision" pursuant to 28 U.S.C. § 1291 and F.R.C.P. 54(a) and, as such, ends this case on the merits and leaves nothing for the Court to do but oversee the execution of the terms of the Class Wide Settlement Agreement. Therefore, the parties and class members are on notice that any appeals must be filed within 30 days of the date of this order. F.R.C.P. 4(a).

IT IS SO ORDERED.

                                                  Aleta Trauger
                                                  U.S. District Court Judge

Approved for entry:

s/ Jerry Gonzalez
Jerry Gonzalez, Esq. (018379)
2441-Q Old Fort Parkway
Box 381
Murfreesboro TN 37128
(615) 360-6060
jgonzalez@edge.net

Attorney for Plaintiff and Class Counsel


  W. Carl Spining by JG with permission
W. Carl Spining (16302)
Ortale, Kelley, Herbert & Crawford
200 Fourth Avenue, North
Third Floor - Noel Place
PO Box 198985
Nashville, TN 37219-8985
(615) 256-9999
cspining@ortalekelley.com

Attorney for Wilson County

5

Case 3:04-cv-01127   Document 82   Filed 06/18/2007   Page 5 of 5